## First National Bank of Litchfield v. Mary A. Southworth.

1. CONTRACT—*when separate instruments constitute.* Held in this case that a collateral note with the receipt given for the collateral constituted a single contract and that parol evidence was not admissible to contradict them.

2. COLLATERAL NOTE—*construction of.* In this case a collateral note is construed and held to confine the pledge to demands only upon which both of the makers thereof were liable.

Action of trover. Appeal from the City Court of Litchfield; the Hon.
PAUL MCWILLIAMS, Judge, presiding. Heard in this court at the May
term, 1904. Affirmed. Opinion filed November 18, 1904.

AMOS MILLER, for appellant.

J. H. ATTERBURY and W. V. HALLFORD, for appellee.

MR. JUSTICE GEST delivered the opinion of the court.

This is a suit in trover by appellee, Mary A. Southworth,
against the First National Bank of Litchfield.

On the sixth day of March, 1900, the plaintiff, Mary A.
Southworth, and E. Southworth, her husband, executed
and delivered to appellant a promissory note of that date
for the principal sum of $1,000 payable one year after its
date to appellant's order with interest at seven per cent per
annum, and containing, among many provisions, the follow-
ing: "Having deposited with said bank, as collateral
security, for the payment of this note, and also as collateral
security for all other present and future demands of any
and all kinds of the said bank against the undersigned, due
or not due, the following property, viz.: 1 note, $200, due
March 3, 1901, signed Heie & Lucy Weber; 1 note
$1,733.60 secured by mortgage, signed by Florence E. and
T. F. Blankley, dated Feb. 19, 1900."

And the following: " and do further agree that if in the
opinion of the said First National Bank or any of its of-
ficers the value of said collaterals or any substituted or
hereafter deposited shall at any time be less than one thou-
sand dollars, the undersigned will immediately furnish such
further security as will be satisfactory to the First National
Bank."

The Blankley note above mentioned was payable to the
order of plaintiff, Mary A. Southworth, and in sums of $15
per month until the whole amount should be paid, and this
is the note which constitutes the subject-matter of this suit.

On March 6, 1900, when the thousand dollar note was
executed to the bank, and the Blankley note delivered as
collateral, the bank executed and delivered to Mrs. South-
worth the following receipt which is wholly in writing:

" Litchfield, Illinois, March 6, 1900.

Received of Mrs. Mary A. Southworth as collateral security for her note for $1,000, of this date, note and mortgage executed by Florence E. and T. F. Blankley for $1,733.60, dated Feb. 19, 1900. Also note for $200.00 signed Heie and Lucy Weber, due March 3d, 1901.

First National Bank,<br>Eli Miller, Cashier."

On March 3, 1900, E. Southworth, husband of plaintiff, had executed and delivered to the bank his individual note of that date for the principal sum of $750, payable six months after its date with interest at seven per cent per annum, and the bank held that note on March 6, 1900, and hitherto. The plaintiff, Mrs. Southworth, paid the thousand dollar note and it was delivered to her and she thereupon demanded delivery to her of the Blankley collateral note, which was refused and this suit followed. A trial was had by the court without a jury, resulting in judgment for the plaintiff for $1,054.65. Defendant submitted and the court held as propositions of law that the pledge of the collateral security contained in the thousand dollar note, and the receipt given for the collateral, constitued one contract, were to be construed together, and that parol evidence was not admissible to contradict them. These holdings were correct.

The defendant submitted also the following proposition: " The court holds as a matter of law, that the contract pledging the collateral notes to the bank to secure the note of one thousand dollars, signed by the plaintiff and E. Southworth, payable to the defendant, gives the defendant a lien upon said collateral note to secure the note of seven hundred and fifty dollars, which E. Southworth owed the defendant," which proposition the court refused to hold. The only question submitted to us upon this record arises upon the refusal of the court to hold this proposition as the law of this case. It was entirely competent for the parties to make a contract of pledge of the Blankley note to secure the note of E. Southworth for $750. Does the contract in

this case so provide? If it does, it is contained in the quotation first above given in the words, "and also as collateral security for all other present and future demands of any and all kinds of the said bank against the undersigned, due or not due." The words, "demands against the undersigned" are descriptive; they designate the particular character of demands for which the collateral was put up, to wit, demands of the bank against the persons whose names appear signed to the note. The "undersigned" are Mary A. Southworth and E. Southworth; the phrase "demands against the undersigned" means precisely the same as if it were written, "demands against the undersigned Mary A. Southworth and E. Southworth." Demands against E. Southworth alone are not demands against E. Southworth and Mary A. Southworth. Our attention is called to the fact that the note of March 6, which contained the words of pledge above quoted therefrom, was returned to Mrs. Southworth on its payment; and to the fact that the same note states in writing the amount for which collateral must be kept up at $1,000, the face of that note, and not at $1,750, the sum of that note and the E. Southworth note; and to the fact that the receipt given and above set out states only that the collateral is put up for the note of March 6; and to the fact that the general words of pledge in that note, and above quoted, are a part of the printed form merely and not in writing, and it is argued that these facts show that both parties understood at the time of the transaction that the collateral was only put up for the note of March 6, the thousand dollar note. There is much force in these suggestions but we do not deem it necessary to discuss that phase of the case. We are of the opinion that the phraseology of the note of March 6, the thousand dollar note, clearly confines the pledge to demands against both, demands upon which both Mary A. and E. Southworth are liable, and does not include the note of March 3, 1900, signed only by E. Southworth.

The finding and judgment of the trial court were correct and the judgment is affirmed.

*Affirmed.*